## Case No. 13,732.

### TALBOTT v. HARTLEY.

[1 Cranch, C. C. 31.] [1]

Circuit Court, District of Columbia. July Term, 1801.

AWARD — NOT CONCLUSIVE — ACTION AFTER DELIVERY.

1. An award is void which is not final and conclusive, and does not embrace all the matter submitted, and settle the dispute.

2. After delivering their award, the arbitrators cannot again act upon the case without new authority.

Assumpsit for the labor of two negro boys, Bill and Hanson. Bowling, the owner of the boys, had by indenture bound them as apprentices to the plaintiff. Bill was to serve until September, 1798, and Hanson until September, 1799. Talbott hired the boys to Hartley, the defendant, who refused to pay him for their labor, alleging that Bowling claimed it. Upon this, Talbott and Bowling submitted the matter to arbitrators.

The submission was in these words: "All our disputes, differences, controversies, &c. concerning two apprentices with said Levi Talbott."

The award was in these words: "We the arbitrators between ·Robert Bowling and Levi Talbott, do agree that the said negro boy, named Bill, is free from L. Talbott the 13th December, 1797, and likewise the negro boy, named Hanson, is free from Levi Talbott the 31st day of January, 1798. (Signed) Joseph Coleman. Archibald McClish."

It was proved that this award was signed by both arbitrators, who agreed that the original should remain with Coleman, who should give out copies to the parties; and that Coleman did deliver such copies. Afterwards the arbitrators met again and made a different award.

THE COURT decided that the first award was void, because it was not final and conclusive, and did not embrace all the objects submitted. It did not settle the dispute. It did not award a release of the covenants, nor a cancelling of the indentures. And that the second award was also void, because the authority of the arbitrators was spent in making the first award.